# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |
|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., <br><br> Defendant. | Civil Action No. 4:17-cv-03767 <br><br> Judge Keith P. Ellison |

## DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a), OR, IN THE ALTERNATIVE, TO DISMISS CASE PURSUANT TO F.R.C.P. RULE 12(b)(6)

Defendant Bank of America, N.A. ("BANA") respectfully moves this Court to transfer venue to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a), or, in the alternative, to dismiss case pursuant to F.R.C.P. Rule 12(b)(6).

WHEREFORE, for the reasons in the accompanying Memorandum of Law in Support, BANA respectfully requests that this Court grant its motion to transfer venue to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a), or, in the alternative, to dismiss case pursuant to F.R.C.P. Rule 12(b)(6).

## CERTIFICATE OF CONFERENCE REGARDING
## <u>MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)</u>

The parties have not been able reach agreement regarding transfer under 28 U.S.C. § 1404(a).  Thomas Patrick Lane has conferred with Plaintiffs' counsel, Robert Powley, who has expressed that Plaintiffs will not consent to a motion to transfer venue.

Dated:  March 26, 2018

Respectfully submitted,

By:   /s/ Michael S. Elkin
_____

Michael S. Elkin (admitted *pro hac vice*)
ATTORNEY-IN-CHARGE
Thomas Patrick Lane (admitted *pro hac vice*)
Stacey Foltz Stark (admitted *pro hac vice*)
Email: melkin@winston.com
Email: tlane@winston.com
Email: sfstark@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile:  (212) 294-4700

Erin R. Ranahan (admitted *pro hac vice*)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile:  (213) 615-1750

*Counsel for Defendant*
*BANK OF AMERICA, N.A.*

**<u>TABLE OF CONTENTS</u>**

**Page**

I.      SUMMARY OF ARGUMENT .................................................................. 1

II.     NATURE AND STAGE OF THE PROCEEDING................................... 2

III.    STATEMENT OF ISSUES ..................................................................... 2

IV.     SUMMARY OF ALLEGATIONS AND DISPUTE ................................ 3

        A.      Plaintiff EIG, Inc. Is Based In New York; No Party Is Based In Houston ............ 3

        B.      New York Is The Venue With The Greatest Connection To This Case ................. 4

        C.      EIG's Claims Against BANA ............................................................... 5

        D.      New York Is A More Convenient Forum Than Houston For Most Witnesses ......... 7

V.      ARGUMENT .......................................................................................... 8

        A.      This Case Should Be Transferred To The Southern District Of New York For Convenience ................................................................... 8

                1.      The Case Could Have Been Brought In New York .................................. 9

                2.      Transfer Would Best Serve The Convenience Of The Parties And Witnesses And Is In The Interests of Justice ............................................. 10

                        a.      The Private Interest Factors Favor New York .............................. 10

                                i.      New York is Most Convenient, Easy And Expeditious For Parties And Witnesses ........................... 10

                                ii.     The Ease Of Access To Evidence Favors New York ....... 12

                                iii.    Subpoena Power Over Witnesses Favors New York........ 12

                        b.      The Public Interest Factors Favor New York .............................. 12

                                i.      Court Congestion Favors New York ............................... 13

                                ii.     The Southern District Of New York Has A Stronger Local Interest In Litigating This Case Than The Southern District Of Texas ................................................. 13

                                iii.    The Remaining Factors Also Favor New York ............... 14

B.    Alternatively, The Claims Should Be Dismissed For Failure To State A Claim ................................................................................................... 15

1.    The Standard Of Review On A Motion To Dismiss ................................. 15

2.    Counts Three Through Six Fail Because They Are Too Speculative And Conclusory .......................................................................................... 15

3.    The Copyright Infringement Claims Fail Because EIG Does Not Allege Unauthorized Copying ................................................................. 17

4.    EIG's Claims Also Fail Because They At Best Involve Contract Claims, Not Copyright Claims ................................................................. 18

VI.    CONCLUSION ................................................................................................. 19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)........................................................................................................15

*ATEN Int'l Co. Ltd. V. Emine Tech. Co., Ltd.*,
  261 F.R.D. 112 (E.D. Tex. 2009)....................................................................................14

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)......................................................................................................3, 15

*Cole v. John Wiley & Sons, Inc.*,
  No. 11 CIV. 2090 DF, 2012 WL 3133520 (S.D.N.Y. Aug. 1, 2012)......................................16

*Davis v. Blige*,
  505 F.3d 90 (2d Cir. 2007).............................................................................................19

*Design Basics, LLC v. Chelsea Lumber Co.*,
  977 F. Supp. 2d 714 (E.D. Mich. 2013).........................................................................18

*Energy Intelligence Group, Inc. et al v. Bank of America, N.A.*,
  4:17-cv-03767 (S.D. Tex. Dec. 13, 2017)........................................................................4

*Energy Intelligence Group, Inc. et al v. Barclays Capital Inc.*,
  11-cv-00589 (S.D.N.Y. Jan 28, 2011) .............................................................................3

*Energy Intelligence Group, Inc. et al v. Canaccord Genuity Inc. et al*,
  16-cv-08298 (S.D.N.Y. Oct 24, 2016).............................................................................3

*Energy Intelligence Group, Inc. et al v. CHS McPherson Refinery, Inc.*,
  6:16-cv-01015 (D. Kan. Jan 18, 2016) ............................................................................4

*Energy Intelligence Group, Inc. et al v. Cowen and Company, LLC*,
  14-cv-03789 (S.D.N.Y. May 28, 2014) ...........................................................................3

*Energy Intelligence Group, Inc. et al v. Credit Agricole Corporate and Investment
  Bank*,
  16-cv-02155 (S.D.N.Y. Mar 23, 2016)............................................................................3

*Energy Intelligence Group, Inc. et al v. ING Capital LLC*,
  16-cv-08324 (S.D.N.Y. Oct 25, 2016)............................................................................3

*Energy Intelligence Group Inc. et al v. Jefferies LLC et al*,
  1:14-cv-04115 (S.D.N.Y. June 06, 2014) .......................................................................4

*Energy Intelligence Group Inc. et al v. Jefferies LLC et al*,
   14-cv-04115 (S.D.N.Y. Jun 06, 2014) .....................................................................3

*Energy Intelligence Group, Inc. et al v. Kayne Anderson Capital Advisors, LP et al*,
   4:14-cv-01903 (S.D. Tex. Jul. 08, 2014) ................................................................4

*Energy Intelligence Group, Inc. et al v. Korea Gas Corp.*,
   15-cv-00926 (S.D.N.Y. Feb 09, 2015).....................................................................3

*Energy Intelligence Group, Inc. et al v. Mizuho Bank, Ltd.*,
   1:17-cv-01508 (S.D.N.Y. Feb. 28, 2017) ...............................................................4

*Energy Intelligence Group, Inc. et al v. Mizuho Bank, Ltd.*,
   17-cv-01508 (S.D.N.Y. Feb 28, 2017).....................................................................3

*Energy Intelligence Group Inc. et al v. Scotia Capital (USA) Inc.*,
   16-cv-00617 (S.D.N.Y. Jan 27, 2016) .....................................................................3

*Energy Intelligence Group, Inc. et al v. SIB Portfolio Advisors, Inc.*,
   14-cv-02706 (S.D.N.Y. Apr 16, 2014) .....................................................................3

*Energy Intelligence Group Inc. v. Air Products and Chemicals, Inc.*,
   1:18-cv-00130 (D. Del. Jan 23, 2018) .....................................................................4

*Energy Intelligence Group, Inc. v. MUFG Union Bank, N.A.*,
   16-cv-03652 (S.D.N.Y. May 16, 2016) ...................................................................3

*Energy Intelligence Group, Inc. v. Sumitomo Corporation of Americas*,
   16-cv-00857 (S.D.N.Y. Feb 03, 2016).....................................................................3

*Energy Intelligence Grp., Inc. v. Jefferies, LLC*,
   101 F. Supp. 3d 332 (S.D.N.Y. 2015).....................................................................16

*Gulf Oil Corp. v. Gilbert*,
   330 U.S. 501 (1947).................................................................................................10

*Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*,
   844 F. Supp. 1163 (S.D. Tex. 1994) .......................................................................11

*Hanby v. Shell Oil. Co.*,
   144 F. Supp. 2d 673 (E.D. Tex. 2001) ................................................................9, 11

*In re Horseshow Entm't*,
   337 F.3d 429 (5th Cir. 2003) ....................................................................................9

*J & J Sports Prods., Inc. v. Hernandez*,
   No. H-09-1757, 2009 WL 6443109 (S.D. Tex. Nov. 17, 2009) ...............................8

*Kelly v. L.L. Cool J.*,
   145 F.R.D. 32 (S.D.N.Y. 1992) ..................................................................16

*Klauber Bros., Inc. v. Bon-Ton Stores, Inc.*,
   557 F. App'x 77 (2d Cir. 2014) ................................................................15

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
   594 F.3d 383 (5th Cir. 2010) ...................................................................17

*Mapp v. UMG Recordings, Inc.*,
   208 F. Supp. 3d 776 (M.D. La. 2016), *order vacated in part on other grounds*,
   2017 WL 3675419 (M.D. La. May 3, 2017)...........................................18

*Marvullo v. Gruner & Jahr*,
   105 F. Supp. 2d 225 (S.D.N.Y. 2000)......................................................16

*Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc.*,
   299 F. App'x 509 (6th Cir. 2008) ............................................................16

*Palmer Kane LLC v. Scholastic Corp.*,
   No. 12 CV 3890, 2013 WL 709276 (S.D.N.Y. Feb. 27, 2013) ...............16

*Peel & Co. v. The Rug Mkt.*,
   238 F.3d 391 (5th Cir. 2001) ...................................................................17

*R2 Investments LDC v. Phillips*,
   401 F.3d 638 (5th Cir. 2005) ...................................................................15

*Robertson v. Kiamichi R.R. Co. LLC*,
   42 F. Supp. 2d 651 (E.D. Tex. 1999) .................................................11, 12

*Roy v. JPMorgan Chase Bank, N.A.*,
   No. 12-CV-2657, 2013 WL 164147 (S.D. Tex. Jan. 15, 2013)...............15

*Sefton v. Jew*,
   201 F. Supp. 2d 730 (W.D. Tex. 2001)...................................................16

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
   464 U.S. 417 (1984)................................................................................17

*Springboards to Educ., Inc. v. Kipp Found.*,
   No. 3:16-CV-2436-G, 2017 WL 3917701 (N.D. Tex. Sept. 7, 2017) .....16

*Taylor v. IBM*,
   54 F. App'x 794 (5th Cir. 2002) ..............................................................16

*Travelers Indem. Co. of Am. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
   No. 3:02-CV-0585-G, 2002 WL 1575409 (N.D. Tex. July 16, 2002)....10

*In re TS Tech USA Corp.,*
    551 F.3d 1315 (Fed. Cir. 2008).............................................................................10

*In re Volkswagen AG,*
    371 F.3d 201 (5th Cir. 2004) ................................................................................13

*In re Volkswagen of Am. Inc.,*
    545 F.3d 304 (5th Cir. 2008) ......................................................................... *passim*

*Wood v. B L Bldg. Co.,*
    No. CIV.A.H-03-713, 2004 WL 5866352 (S.D. Tex. June 22, 2004)....................18

## Statutes

28 U.S.C. § 1331 .....................................................................................................10

28 U.S.C. § 1338(a) .................................................................................................10

28 U.S.C. § 1391 .....................................................................................................10

28 U.S.C. § 1400(b) .................................................................................................10

28 U.S.C. § 1404(a) .......................................................................................... *passim*

## Other Authorities

Fed. R. Civ. P. 12(b)(6)...................................................................................... *passim*

Fed. R. Civ. P. 30(b)(6)...........................................................................................11

Fed. R. Civ. P. 45(c) ...............................................................................................12

Defendant Bank of America, N.A. ("BANA"), hereby moves pursuant to 28 U.S.C § 1404(a) to transfer this action from the United States District Court for the Southern District of Texas to the United States District Court for the Southern District of New York.  In the alternative, BANA moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.    SUMMARY OF ARGUMENT

This case belongs in the Southern District of New York.  The parties' New York-based representatives negotiated and formed the licensing relationship, the parties' agreements specify New York as the contemplated location to resolve disputes, and New York is the most convenient location for most party and third-party witnesses.  Apparently believing it will obtain some tactical advantage here, Plaintiffs have dragged the parties into the Southern District of Texas, even though this venue has little connection to this dispute.  For the reasons discussed herein, BANA respectfully requests that the Court transfer this action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

Even if this Court declines to transfer the case, the Complaint should alternatively be dismissed for failure to state a claim pursuant to Rule 12(b)(6).  Because Plaintiffs licensed their publications to BANA, the purported infringement claims must be pled as breach of contract claims, not copyright claims, and must be grounded in more than pure speculation and legal conclusions.  Plaintiffs plead absolutely *no facts whatsoever* concerning any actual copyright infringement with respect to four of the six publications at issue, and their allegations with respect to the other two are insufficient in that Plaintiffs fail to adequately allege that any of BANA's purported activities are unauthorized under the relevant subscription agreements. Undermining nearly all of Plaintiffs' allegations, for instance, is the provision in the agreements authorizing a licensee to "distribute a copy of a story . . . to a few individuals, and in a non-

systematic manner."  Plaintiffs' failure to allege facts that demonstrate a widespread and systemic pattern of distribution proves fatal to their claims.  Accordingly, without unauthorized use, Plaintiffs simply cannot plead copyright infringement.

This case should be resolved in the venue that makes the most sense for this case—the Southern District of New York.  Alternatively, the Court should dismiss Plaintiffs' claims for failure to provide sufficient allegations to maintain a copyright claim against BANA.

## II.    NATURE AND STAGE OF THE PROCEEDING

Plaintiffs filed this action on December 15, 2017.  Compl. at 1, ECF No. 1.  EIG served the Complaint on February 2, 2018.  Certificate of Service, ECF No. 17.  The parties stipulated to extend the time for BANA to respond to the initial Complaint until March 26, 2018, which BANA does with this motion.  Stipulation regarding Agreed Extension of Time, ECF No. 22; Order Granting Stipulation, ECF No. 26.

## III.    STATEMENT OF ISSUES

The Court must rule upon the following issues:

(1) Whether, pursuant to 28 U.S.C. § 1404(a), the Court should transfer this case to the Southern District of New York—the venue with the strongest connection to this case, and the venue that is most convenient for the witnesses, parties, and to access evidence.  The standard of review is whether the Southern District of New York is "clearly more convenient" than the Southern District of Texas for this case, in which case the district court is empowered to transfer the case in the interest of justice.  *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*").

(2) Alternatively, whether the Court should dismiss the claims, or any portion thereof, for failure to state a claim pursuant to Rule 12(b)(6) given that the claims are largely speculative, conclusory, and at most, deal with whether BANA exceeded the scope of the permitted

distribution in the licensing agreement, and thus sound in contract and *not* copyright.  If the claims are not plausible on their face, the Court should dismiss the claims.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## IV.   SUMMARY OF ALLEGATIONS AND DISPUTE

### A.   Plaintiff EIG, Inc. Is Based In New York; No Party Is Based In Houston

Plaintiff Energy Intelligence Group, Inc. ("EIG, Inc.") is a Delaware corporation that has its principal place of business in New York, New York, which is located in the Southern District of New York.  Compl. ¶ 2.  EIG, Inc., a company that exists largely to bring copyright litigation, has brought a dozen lawsuits in the Southern District of New York.[1]  The only other Plaintiff, Energy Intelligence Group (UK) Limited ("EIG (UK)") (collectively "EIG"), is located in London, England.  *Id.* at ¶ 3.

BANA is a federally chartered banking association with its principal place of business in North Carolina, with substantial business in New York, including, as explained further below, relating to this dispute.

---

[1] *See, e.g.*, *Energy Intelligence Group, Inc. et al v. Mizuho Bank, Ltd.*, 17-cv-01508 (S.D.N.Y. Feb 28, 2017); *Energy Intelligence Group, Inc. et al v. ING Capital LLC*, 16-cv-08324 (S.D.N.Y. Oct 25, 2016); *Energy Intelligence Group, Inc. et al v. Canaccord Genuity Inc. et al*, 16-cv-08298 (S.D.N.Y. Oct 24, 2016); *Energy Intelligence Group, Inc. v. MUFG Union Bank, N.A.*, 16-cv-03652 (S.D.N.Y. May 16, 2016); *Energy Intelligence Group, Inc. et al v. Credit Agricole Corporate and Investment Bank*, 16-cv-02155 (S.D.N.Y. Mar 23, 2016); *Energy Intelligence Group, Inc. v. Sumitomo Corporation of Americas*, 16-cv-00857 (S.D.N.Y. Feb 03, 2016); *Energy Intelligence Group Inc. et al v. Scotia Capital (USA) Inc.*, 16-cv-00617 (S.D.N.Y. Jan 27, 2016); *Energy Intelligence Group, Inc. et al v. Korea Gas Corp.*, 15-cv-00926 (S.D.N.Y. Feb 09, 2015); *Energy Intelligence Group Inc. et al v. Jefferies LLC et al*, 14-cv-04115 (S.D.N.Y. Jun 06, 2014); *Energy Intelligence Group, Inc. et al v. Cowen and Company, LLC*, 14-cv-03789 (S.D.N.Y. May 28, 2014); *Energy Intelligence Group, Inc. et al v. SIB Portfolio Advisors, Inc.*, 14-cv-02706 (S.D.N.Y. Apr 16, 2014); *Energy Intelligence Group, Inc. et al v. Barclays Capital Inc.*, 11-cv-00589 (S.D.N.Y. Jan 28, 2011).

**B.      New York Is The Venue With The Greatest Connection To This Case**

EIG acknowledges in its Complaint that New York is the location of one of its editorial bureaus.  Compl. ¶ 12.  For a fee, EIG licenses—in this case through BANA's *New York* representatives—access to its newsletters to its customers.  EIG then, like it has done here, ultimately sues these same customers for allegedly exceeding their terms of use under the auspices of copyright violations.  EIG's apparent goal is to extract either an unwanted multi-year and multi-million dollar subscription or a windfall in the form of a draconian monetary settlement, hoping that defendants will settle baseless claims rather than risk paying statutory infringement damages under the Copyright Act.[2]

EIG alleges connections to New York throughout the Complaint.  First, EIG acknowledges in its Complaint that BANA employees in New York receive subscriptions to EIG's publications.  *See, e.g.*, Compl. ¶ 49.  EIG also admits that in 2017, three individual representatives of the parties, and potential witnesses to this case, met in BANA's New York offices to discuss the *Natural Gas Weekly* publication.  Compl. ¶ 102.

In the 2013-2014 License Agreement that EIG attached to the Complaint, Daphne Joseph of BANA, whose address is in New York, New York, is listed as the sole subscriber contact.  Compl. Ex. U at 1.  The "Authorized Users" under this agreement include three users from New York, four from London, one from Hong Kong, and one from Houston.  *Id.*

---

[2] Presently, EIG has six pending lawsuits against its customers alleging infringement claims.  *Energy Intelligence Group Inc. v. Air Products and Chemicals, Inc.*, 1:18-cv-00130 (D. Del. Jan 23, 2018); *Energy Intelligence Group, Inc. et al v. Bank of America, N.A.*, 4:17-cv-03767 (S.D. Tex. Dec. 13, 2017); *Energy Intelligence Group, Inc. et al v. Mizuho Bank, Ltd.*, 1:17-cv-01508 (S.D.N.Y. Feb. 28, 2017); *Energy Intelligence Group, Inc. et al v. CHS McPherson Refinery, Inc.*, 6:16-cv-01015 (D. Kan. Jan 18, 2016); *Energy Intelligence Group, Inc. et al v. Kayne Anderson Capital Advisors, LP et al*, 4:14-cv-01903 (S.D. Tex. Jul. 08, 2014); *Energy Intelligence Group Inc. et al v. Jefferies LLC et al*, 1:14-cv-04115 (S.D.N.Y. June 06, 2014).  There are at least forty closed cases against customers based on similar allegations.

Similarly, the 2015-2016 License Agreement again lists Ms. Joseph of New York as the sole subscriber contact, as well as four "Authorized Users" from New York, five from London, one from Hong Kong, and one from Houston.  Compl. Ex. S at 7.

In the 2017-2018 License Agreement between the parties, BANA's Wendy Fernandez, whose address is also in New York, New York, is identified as the sole subscriber contact. Compl. Ex. T at 1.

Deborah A. Brown, who executed each of these three License Agreements on behalf of EIG, Inc. is also located in New York.  *See* Compl. Ex. S at 7, Ex. T at 1, Ex. U at 1; Declaration of Adam P. Moskowitz ("Moskowitz Decl.") ¶ 2.

Further, as is reflected in the three License Agreements between EIG and BANA that EIG attaches to the Complaint:

> Jurisdiction and venue for any litigation arising herefrom, including copyright infringement, will be appropriate in any federal or state court located in New York or other proper jurisdiction as determined under the Federal Rules of Civil Procedure, or other applicable state laws or regulations.  If such action is filed in New York, Subscriber hereby agrees and consents to personal jurisdiction in any court located within the State of New York.

Compl. Ex. S at § 10(k), Ex. T at § 10(k), Ex. U at § 10(k).

Thus, the parties clearly recognized that New York would be a proper venue for disputes arising out of their relationship, and agreed to New York jurisdiction.

### C.    EIG's Claims Against BANA

EIG acknowledges a longstanding relationship with BANA.  EIG alleges that BANA has maintained valid subscriptions to six of EIG's oil and gas newsletters since at least 2013: *Natural Gas Weekly* ("NGW"), *Oil Daily* ("OD"), *World Gas Intelligence* ("WGI"), *Petroleum Intelligence Weekly* ("PIW"), *Energy Intelligence Finance* ("EIF"), and *Nefte Compass* ("NC"). Compl. ¶¶ 41-79.  EIG allegedly owns copyrights in various issues of these newsletters.  Compl.

¶¶ 28-40.  EIG alleges six separate claims of copyright infringement, one for each separate

publication, though as explained herein, the Complaint only alleges specific (yet still deficient)

facts about OD and NGW.

      Notably, EIG's licenses granted a limited distribution right.  Specifically, EIG's licenses

granted BANA the right for authorized users to "occasionally distribute a copy of a story . . . to a

few individuals, and in a non-systematic manner in the ordinary course of business . . . ."

Compl. Ex. S at § 1(c), Ex. T at § 1(c), Ex. U at § 1(c).  And yet, EIG's only specific allegations

involve precisely BANA's "occasional[] distribut[ion] of a story to a few individuals."  *Id.*

      With respect to OD, EIG alleges that BANA has maintained a subscription since at least

2013.  Compl. ¶¶ 41-42.  EIG alleges wrongful conduct as follows:  that BANA employee and

authorized user Erika Parker distributed an issue of OD to an unauthorized user, BANA

employee Shang Gao.  Compl. ¶¶ 80-93; Compl. Ex. V at 1-2.  EIG further alleges that it learned

of this unauthorized distribution through email correspondence involving former EIG employee

Jessie Da Silva Sims.  *Id.*  Mr. Sims is located in New York.  *Id.*  While Mr. Gao worked in

Houston at the time, it appears he has now moved outside of Houston.  Declaration of Scott

Schrader ("BANA Decl.") ¶ 6.

      With respect to NGW, of which BANA has maintained a subscription since at least 2013

(Compl. ¶ 49), Plaintiffs allege that a BANA employee and authorized user, Gregg Brody, from

New York forwarded an issue of NGW to an unauthorized user, Shanna Qiu, from New York.

Compl. ¶ 105.

      Apparently based on its uncovering these *two* isolated instances of conduct—conduct that

is actually permitted by the express terms of the licensing agreements between the parties—EIG

makes the specious allegations that BANA necessarily must have infringed any other publication

that it has licensed from EIG.  The Complaint makes the leap that, in light of two instances of unauthorized distribution, BANA has a pattern and practice of systemic distribution.  Despite the fact that WGI, PIW, EIF, and NC have different authorized subscribers, EIG asserts no facts concerning why or how those subscribers engaged in unlawful conduct; EIG's Complaint merely assumes that foul play with respect to two publications equates to all.  EIG provides *no* specific allegations about how BANA allegedly infringed the copyrights of WGI, PIW, EIF, or NC, for good reason—it has no evidence that BANA has done so.  Seeking to avoid the basic pleading requirement and Rule 11 obligations to investigate suspicions before alleging them as claims, EIG simply alleges that on "information and belief" BANA "infringed" its subscriptions by "regular and systematic copying and forwarding . . . ."  Compl. ¶ 117.  EIG does not plead which authorized user may have exceeded the scope permitted by the licensing agreements, or even when the recipient infringed which specific newsletter.  Instead, EIG intends to treat this case as a widespread fishing expedition, as it does in its many and repeated litigations.

### D.  New York Is A More Convenient Forum Than Houston For Most Witnesses

The Complaint identifies a dozen current and former employees from EIG and BANA or its affiliates[3] who are located *outside* of the Southern District of Texas.

At least seven of these potential witnesses are located in New York:

1. Current EIG employee Simon Brown;

2. Former EIG employee Jessie Da Silva Sims;

3. Current BANA employee Gregg Brody;

4. Current BANA employee Shanna Qiu;

5. Current BANA employee Dennis Coleman;

---

[3] All references to BANA employees, either collectively or individually, include employees of BANA's affiliated entities for the purposes of the instant motion.

6. Current BANA employee Steve Weiss; and

7. Former BANA employee Daphne Joseph.

*See* Compl. ¶¶ 49, 80, 87, 102-03, 108; *see also* Compl. Ex. S at 7, Ex. T at 1, Ex. U at 1, Ex. V at 1-2; BANA Decl. ¶¶ 2, 5; Moskowitz Decl. ¶¶ 2-3.

The Complaint identifies five other current and former BANA employees who live all over the world, including potential witnesses located in London (Peter Helles, Jasmine Wang, and Sabine Schels), Brazil (Maria Claude Guimaraes), and Russia (Karen Kostanian), through which travel would be easier to New York to meet with counsel and BANA executives.  Compl. ¶¶ 42, 49, 63, 75; BANA Decl. ¶¶ 2-4.  Conversely, only *one* EIG employee named in the Complaint works in Houston.  Compl. ¶ 102; *see also* Moskowitz Decl. ¶¶ 2-3.  The only other potential witnesses located in Houston are three from BANA (Doug Leggate, Bradley Hutchinson, and Erika Parker).  BANA Decl. ¶ 2.  Because the Southern District of Texas hosts fewer than one quarter of the potential witnesses and the majority live in New York, New York is a more convenient venue.

## V.    ARGUMENT

### A.    This Case Should Be Transferred To The Southern District Of New York For Convenience

28 U.S.C. § 1404(a) provides that for the "convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  Where another venue is "clearly more convenient" than the venue where the case is pending, the district court is empowered to transfer the case in the interest of justice.  *Volkswagen II*, 545 F.3d at 315.

When a plaintiff is not from the chosen forum (like here), or when the key operative facts underlying the case did not occur in the chosen forum (like here), a court gives less deference to

the plaintiff's choice. *See J & J Sports Prods., Inc. v. Hernandez*, No. H-09-1757, 2009 WL
6443109, at *1 (S.D. Tex. Nov. 17, 2009) (citing *In re Horseshow Entm't*, 337 F.3d 429, 434-
435 (5th Cir. 2003)); *Hanby v. Shell Oil. Co.*, 144 F. Supp. 2d 673, 677 (E.D. Tex. 2001)
("[T]his court, and many others, have ruled previously in a number of cases (footnote omitted)
that the usual deference accorded the plaintiff's choice of forum is of minimal value when none
of the parties reside in this division of this District.").

Thus, both reasons serve to give Plaintiffs' choice of venue especially little deference
here:  EIG sued in a venue that is not its home forum of New York, the majority of the witnesses
are in New York or outside of this District, and the operative facts occurred elsewhere, namely,
in EIG's home forum of New York.  This case should be transferred to the Southern District of
New York.

## 1.    The Case Could Have Been Brought In New York

In assessing whether transfer is appropriate, a district court's threshold inquiry is whether
the venue where transfer is sought is a district where the claim could have been filed.  *See
Volkswagen II*, 545 F.3d at 312.

There is no question that the standard is met here.  First, EIG relies on evidence that
concedes EIG and BANA contemplated New York as an appropriate venue for any dispute
between them.  The venue provisions in the parties' License Agreements from 2013 to the
present explicitly provided that the parties would be subject to personal jurisdiction in New
York, and that New York is an appropriate venue to bring a dispute between the parties.  Compl.
Ex. S at § 10(k), Ex. T at § 10(k), Ex. U at § 10(k).

Further, EIG, Inc. is headquartered in the Southern District of New York and maintains
regular business there, including with BANA.  Indeed, the nexus of the parties' relationship and
their in-person meetings relating to this case occurred in one location—New York.

Certainly, the Southern District of New York would be an appropriate and, as explained below, far more convenient venue than the Southern District of Texas. *See* 28 U.S.C. §§ 1391, 1400(b). Additionally, because EIG has asserted federal copyright claims, the Southern District of New York would have subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a). Accordingly, this threshold requirement is met because EIG could have filed this action in the Southern District of New York.

> **2.      Transfer Would Best Serve The Convenience Of The Parties And Witnesses And Is In The Interests of Justice**

Once the district court decides a case might have been brought in the destination venue, it must then turn to whether "the convenience of parties and witnesses, in the interest of justice" requires transfer. *Volkswagen II*, 545 F.3d at 314. Under Fifth Circuit law, a transfer is to be ordered where the transferee forum is "clearly more convenient" than the venue chosen by the plaintiff. *Id.* at 315; *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). This determination of "convenience" turns on the assessment of four "public interest" and four "private interest" factors. *Volkswagen II*, 545 F.3d at 315 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)).

> **a.      The Private Interest Factors Favor New York**

Here, the private interest factors weigh in favor of transfer. The private interest factors are (1) the costs of witnesses; (2) all practical problems that make trial of a case easy, expeditious and inexpensive; (3) ease of access to evidence; and (4) the availability of processes to compel witness attendance. *Volkswagen II*, 545 F.3d at 315.

> **i.      New York is Most Convenient, Easy And Expeditious For Parties And Witnesses**

"The convenience of the witnesses is often regarded as the most important factor to be considered in deciding whether to transfer venue." *Travelers Indem. Co. of Am. v. Nat'l Union*

*Fire Ins. Co. of Pittsburgh, PA*, No. 3:02-CV-0585-G, 2002 WL 1575409, at *2 (N.D. Tex. July 16, 2002); *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex. 1994).  Venue is generally considered convenient in the district where the majority of witnesses are located.  *Robertson v. Kiamichi R.R. Co. LLC*, 42 F. Supp. 2d 651, 657 (E.D. Tex. 1999); *Hanby*, 144 F. Supp. 2d at 678 ("Where another venue is more convenient to the residences of the parties, in terms of travel miles, over a more remote venue with no factual nexus to the case, the closer venue is more appropriate.").

Two of the three total EIG witnesses listed in the Complaint are located in New York. Compl. ¶¶ 80, 102, Ex. V at 1-2; Moskowitz Decl. ¶¶ 2-3.  The majority of named, potential non-party U.S.-based witnesses are located in New York, and the venue with the greatest number of current and former EIG and BANA employees is New York.  BANA Decl. ¶¶ 2-6; Moskowitz Decl. ¶¶ 2-3.  The fact that most non-party witnesses are in New York weighs heavily in favor of transferring the case to New York.  *Gundle*, 844 F. Supp. at 1166.  There will also be additional Rule 30(b)(6) witnesses that BANA will likely call from EIG who are located in New York. Conversely, only *one* EIG employee works in Houston, and only three out of twelve BANA witnesses identified in the Complaint by EIG are located in Houston.  BANA Decl. ¶¶ 2-6. Moskowitz Decl. ¶¶ 2-3.

Other current and former BANA employees identified in the Complaint are located all over the world, including international locations like London (Peter Helles, Jasmine Wang, and Sabine Schels), Brazil (Maria Claude Guimaraes) and Russia (Karen Kostanian), through which travel would be easier to New York, and counsel for all parties are in New York.  Compl. ¶¶ 42, 49, 63, 75; BANA Decl. ¶¶ 2-4.  Given that EIG (UK) is located in London, like several other

witnesses, New York serves as a more convenient location to reach potential London witnesses and other evidence.[4]

### ii.   The Ease Of Access To Evidence Favors New York

As EIG, Inc. is headquartered in New York, EIG would be hard pressed to claim that Houston is more convenient to anyone when it comes to accessing evidence, including itself. With EIG and witnesses from all sides predominantly in New York, presumably so too are their computers, servers and other relevant evidence and documents that will be subject to discovery. Further, evidence that EIG will presumably use to attempt to prosecute its claims, as well as evidence that BANA will seek to defend itself, can only be found in New York.  These factors render New York the location with easiest access to evidence, especially compared to Houston.

### iii.   Subpoena Power Over Witnesses Favors New York

The Southern District of New York also has subpoena power over more witnesses than this Court, especially given that the majority of non-party witnesses (former EIG and BANA employees) identified in the Complaint are in New York.  This Court would not have subpoena power over most relevant witnesses, which would require that they be located within 100 miles of the Court.  Fed. R. Civ. P. 45(c); *Robertson*, 42 F. Supp. 2d at 658.  This ultimately could prejudice BANA.

### b.   The Public Interest Factors Favor New York

Just as the private interest factors weigh in favor of transfer, so too do the public interest factors.  Here, judicial economy and local interest favor transfer.  The public interest factors include:  (1) administrative difficulties flowing from court congestion; (2) the local interests in

---

[4] London is about three hours closer by plane to New York than it is to Texas.  Moreover, from searching online for flights, there appear to be over three times as many direct flights between London and New York as there are between London and Houston.  Moskowitz Decl. ¶ 4.

deciding issues at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of law or in the application of foreign law. *Volkswagen II*, 545 F.3d at 315.

### i.      Court Congestion Favors New York

First, there is no indication that there would be administrative difficulties in transferring this case to New York, and in fact, recent data from 2017 reflects that the median time from filing to disposition last year was shorter in the Southern District of New York than the Southern District of Texas.  Moskowitz Decl. ¶ 5.  Therefore, this factor favors transfer because BANA may have this dispute resolved sooner in the Southern District of New York than in the Southern District of Texas.

Moreover, as evidenced by the twelve other cases EIG filed in New York, EIG is no stranger to litigating in its home state of New York.  *See supra* note 1.  The volume of cases EIG instituted in New York further demonstrates EIG's decision to file the instant lawsuit in the Southern District of Texas as purely tactical forum shopping.

### ii.     The Southern District Of New York Has A Stronger Local Interest In Litigating This Case Than The Southern District Of Texas

Second, an analysis of the respective local interests favor transfer.  The Fifth Circuit has found that a forum which has a localized interest in the proceeding should adjudicate the proceeding.  *See In re Volkswagen AG*, 371 F.3d 201, 205-206 (5th Cir. 2004) ("*Volkswagen I*") (stating that "the local interest in having localized interests decided at home" weighs heavily in favor of transfer).  The *Volkswagen I* court recognized the importance of analyzing the "factual connection" of a case to its forum.  *Id.*

The Southern District of Texas has no discernable local interest in this case given that none of the parties are based there, all parties and this dispute have minimal ties to Houston, and

only a few of the many potential witnesses relevant to this dispute are located there.  The

particularized local interest of the Southern District of New York is strong given the facts of this

case, which include that:  (i) EIG, Inc. is headquartered in New York; (ii) this dispute concerns

contracts that were agreed to in New York between New York representatives; (iii) the parties'

agreements explicitly contemplated the parties litigating in New York; and (iv) the parties have

held meetings in New York in the past.  Compl. ¶¶ 2, 102; *see also* Compl. Ex. T at 1, § 10(k),

Ex. S at § 10(k), Ex. U at § 10(k).  If any place could be considered the center of gravity with

respect to the witnesses and parties to this case, it is the Southern District of New York, not the

Southern District of Texas.  *See ATEN Int'l Co. Ltd. V. Emine Tech. Co., Ltd.*, 261 F.R.D. 112,

126 (E.D. Tex. 2009) ("California as the principal place of business of both [a party-in-suit] and

[witness]," gives California "a particularized local interest in the suit no matter the outcome of

the case.").  Because the outcome of this case will affect local interests of New York, it should

be decided there.

### iii.    The Remaining Factors Also Favor New York

Third, because the greatest nexus to the case is New York, New York law should apply to

govern this dispute, and a court in the Southern District of New York is most highly equipped to

resolve this dispute under New York law.

Fourth, to the extent there is any conflict of law between New York and Texas, given that

New York is more connected to the parties, witnesses, and the underlying dispute, it makes sense

to have this case heard in New York under New York law.  EIG should not be permitted to

forum shop, especially in Texas, outside the venue with the closest nexus to the case (New

York).  Moreover, while both forums are adept at resolving copyright claims, New York is one

of the few locations across the country where a substantial number of copyright claims are

regularly filed—including by EIG itself.  *See supra* note 1 (EIG has filed twelve cases in the Southern District of New York).

Because the threshold jurisdictional question is met, and both the private and public factors weigh in favor of transfer, the Court should transfer this case to the Southern District of New York in the interests of convenience and justice.

**B.      Alternatively, The Claims Should Be Dismissed For Failure To State A Claim**

**1.      The Standard Of Review On A Motion To Dismiss**

Fed. R. Civ. P. 12(b)(6) mandates dismissal where the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  And while the court "accept[s] all factual allegations in the complaint as true, and draw[s] all reasonable inferences in the plaintiff's favor," *Klauber Bros., Inc. v. Bon-Ton Stores, Inc.*, 557 F. App'x 77, 79-80 (2d Cir. 2014) (internal quotation marks omitted), the plaintiff must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555.  "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*  In addition, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*  Mere "conclusions[] are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**2.      Counts Three Through Six Fail Because They Are Too Speculative And Conclusory**

"While the court must accept well-pleaded facts as true, *Iqbal*, 556 U.S. at 678, it should neither 'strain to find inferences favorable to the plaintiffs' nor 'accept conclusory allegations, unwarranted deductions, or legal conclusions.'" *Roy v. JPMorgan Chase Bank, N.A.*, No. 12-CV-2657, 2013 WL 164147, at *2 (S.D. Tex. Jan. 15, 2013) (quoting *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005)).

Courts have held that for copyright infringement cases, a plaintiff must plead by "what acts during what time the defendant has infringed the copyright."  *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992); *see also Cole v. John Wiley & Sons, Inc*., No. 11 CIV. 2090 DF, 2012 WL 3133520, at *11 (S.D.N.Y. Aug. 1, 2012); *Sefton v. Jew*, 201 F. Supp. 2d 730, 747 (W.D. Tex. 2001) (evaluating Plaintiff's copyright claim using the *Kelly* standard).  In a complaint for copyright infringement, a plaintiff "may not rest on bare-bones allegations that infringement occurred."  *Palmer Kane LLC v. Scholastic Corp.*, No. 12 CV 3890, 2013 WL 709276, at *2 (S.D.N.Y. Feb. 27, 2013) (internal quotation omitted); *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000) (A plaintiff must "plead with specificity the acts by which a defendant has committed copyright infringement."); *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc*., 299 F. App'x 509, 512 (6th Cir. 2008) (Such requirements are particularly important in the copyright context, as "[c]opyright infringement . . . lends itself readily to abusive litigation.").

In *Energy Intelligence Grp., Inc. v. Jefferies, LLC*, the district court dismissed EIG's claims regarding OD because the plaintiffs "plead no instances of copying, access, or distribution to support the conclusory assertion that Jefferies has been infringing the OD copyright for the past seven years. . . .  Plaintiffs' claim that Jefferies infringed the OD newsletter is baseless and plainly fails to plead 'by what acts' Jefferies infringed Plaintiffs' copyright."  101 F. Supp. 3d 332, 342 (S.D.N.Y. 2015).

Courts in this circuit have also held that plaintiffs must adequately allege specific acts of infringement by each defendant.  *See* S*pringboards to Educ., Inc. v. Kipp Found.*, No. 3:16-CV-2436-G, 2017 WL 3917701, at *4 (N.D. Tex. Sept. 7, 2017); *Taylor v. IBM*, 54 F. App'x 794, at

*1 (5th Cir. 2002) ("Appellants failed to allege specific acts of infringement by each defendant, thereby failing to adhere to the requirements of Fed. R. Civ. P. 8(a).").

EIG's Complaint sets forth no specific allegations whatsoever with respect to four out of the six publications at issue:  WGI, PIW, EIF, or NC.  EIG speculates that BANA engaged in some misconduct by claiming that an unspecified number of newsletters from four publications were, at unspecified times, forwarded to an unspecified number of people.  But those allegations are based on nothing more than EIG's unsupported suspicions.  Thus, the allegations with respect to these publications, Counts Three through Six, are unsupported and conclusory, and should be dismissed for failure to state a claim.

> **3.     The Copyright Infringement Claims Fail Because EIG Does Not Allege Unauthorized Copying**

In order to state a claim for copyright infringement, EIG must allege not just ownership of a valid copyright, but also "unauthorized copying" of the copyrighted work.  *Peel & Co. v. The Rug Mkt.*, 238 F.3d 391, 394 (5th Cir. 2001) ("To prevail on a copyright infringement claim, a plaintiff must show (1) ownership of a valid copyright and (2) unauthorized copying.")

Conversely, if EIG alleges only authorized copying, it cannot state a claim: "anyone who is authorized by the copyright owner . . . is not an infringer of the copyright."  *Sony Corp. of Am. v. Universal City Studios, Inc*., 464 U.S. 417, 433 (1984).  In deciding whether the alleged copying at issue here was authorized, the Court may consider EIG's Complaint as well as the attached agreements.  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) ("The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.").

Here, EIG cannot plausibly claim that the allegedly wrongful forwarding of the OD and NGW newsletters was unauthorized.  Indeed, BANA had valid subscription agreements with EIG for these newsletters that specifically contemplates that the authorized users may "occasionally distribute a copy of a story . . . to a few individuals, and in a non-systematic manner . . . ."  Compl. Ex. S at § 1(c), Ex. T at § 1(c), Ex. U § at 1(c).  EIG does not allege any facts that suggest that the access to its publications was anything other than "occasional" or "non-systematic."  Given that EIG has not (and cannot) plead any unauthorized copying by BANA, EIG's copyright infringement claims must fail as a matter of law.

### 4.     EIG's Claims Also Fail Because They At Best Involve Contract Claims, Not Copyright Claims

EIG's claims fails for yet another reason:  EIG is not properly alleging copyright violations against BANA, but is at best alleging claims for breach of contract based on acting outside of the authorized parameters of the agreements.  Where allegations turn on whether the alleged misconduct constituted an authorized use under the license agreement, such issues sound in breach of contract rather than infringement.  *See Design Basics, LLC v. Chelsea Lumber Co.*, 977 F. Supp. 2d 714, 722 (E.D. Mich. 2013) (barring some of the plaintiff's copyright infringement claims arising out of breach of covenants contained in the license agreement because those claims sound in breach of contract and not in copyright); *Wood v. B L Bldg. Co.*, No. CIV.A.H-03-713, 2004 WL 5866352, at *11 (S.D. Tex. June 22, 2004) ("A copyright owner may authorize the use of a copyrighted work by granting a license.  Generally, a copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement and can sue only for breach of contract.") (internal quotations omitted); *Mapp v. UMG Recordings, Inc.*, 208 F. Supp. 3d 776, 790 (M.D. La. 2016) ("A valid license . . . immunizes the licensee from a charge of copyright infringement, provided

that the licensee uses the copyright as agreed with the licensor.") (quoting *Davis v. Blige*, 505 F.3d 90, 100 (2d Cir. 2007)) *order vacated in part on other grounds*, 2017 WL 3675419 (M.D. La. May 3, 2017).

EIG's allegations with respect to two of the publications—that authorized users of BANA forwarded some limited number of newsletters—constitutes conduct that, on its face, is permitted by the licensing agreements.  Compl. ¶¶ 80-93, 102-108, Ex. S at § 1(c), Ex. T at § 1(c), Ex. U at § 1(c).  These allegations at most concern whether BANA complied with the terms of the licensing agreements.  The Court should dismiss the copyright claims given that at best, EIG's claims, to the extent they survive at all, plainly sound in contract, not copyright.  And even if treated as a breach of contract claim, EIG's suit still fails to plead any acts that were unauthorized by the license agreements at issue.

## VI.    CONCLUSION

This case is highly appropriate for transfer.  One of the Plaintiffs and many of the potential witnesses (both party and non-party) reside in or near New York City, and, for international witnesses, the Southern District of New York is more convenient than this District.  The licensing agreements at issue were negotiated between New York representatives, finalized in New York, contemplate New York as an appropriate venue, and the parties held in-person meetings in New York.  Moreover, the people within New York area have a greater interest in this case than do the people of this District.  Because the most appropriate location for this case is the Southern District of New York, for the convenience of the parties, executives from both sides, other witnesses, and the public interest, the Court should transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

Alternatively, the Court should dismiss this case pursuant to Rule 12(b)(6) for failure to state a claim because the allegations by these serial plaintiffs are speculative, conclusory, involve plainly authorized conduct, and if anything sound in contract, not copyright law.

Dated:  March 26, 2018

Respectfully submitted,

By:   /s/ Michael S. Elkin

Michael S. Elkin (admitted *pro hac vice*)
ATTORNEY-IN-CHARGE
Thomas Patrick Lane (admitted *pro hac vice*)
Stacey Foltz Stark (admitted *pro hac vice*)
Email: melkin@winston.com
Email: tlane@winston.com
Email: sfstark@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile:  (212) 294-4700

Erin R. Ranahan (admitted *pro hac vice*)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile:  (213) 615-1750

*Counsel for Defendant*
*BANK OF AMERICA, N.A.*

OF COUNSEL:
Erin C. Villaseñor
Texas State Bar No. 24072407
S.D. Tex. Bar No. 1114483
Email: evillasenor@winston.com
**WINSTON & STRAWN LLP**
1111 Louisiana Street, 25th Floor
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile:  (713) 651-2700

-20-

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing BANK OF AMERICA,

N.A.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a), OR, IN THE

ALTERNATIVE, TO DISMISS CASE PURSUANT TO F.R.C.P. RULE 12(b)(6) and the

associated PROPOSED ORDER and APPENDIX have been served on counsel of record on

March 26, 2018 via the CM/ECF system to the email addresses indicated on the Electronic Mail

Notice List, as well as by electronically transmitting a copy to the following individuals:

Robert L. Powley
James M. Gibson
Thomas H. Curtin
Keith E. Sharkin
Fritz Klantschi
rlpowley@powleygibson.com
jmgibson@powleygibson.com
thcurtin@powleygibson.com
kesharkin@powleygibson.com
fklantschi@powleygibson.com
POWLEY & GIBSON, P.C.
304 Hudson Street, Suite 305
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

George R. Gibson
ggibson@nathansommers.com
NATHAN SOMMERS JACOBS
2800 Post Oak Boulevard, 61st Floor
Houston, Texas 77056-6102
Telephone: (713) 960-030

                                  _/s/ Erin C. Villaseñor_
                                    Erin C. Villaseñor